```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        COOKEVILLE DIVISION
```

JAMES A. VADEN,                 )
                                )
        Plaintiff               )
                                )      No. 2:12-0105
v.                              )      Judge Sharp/Brown
                                )      **Jury Demand**
DEKALB TELEPHONE COOPERATIVE,   )
INC. d/b/a DTC COMMUNICATIONS,  )
and CRAIG GATES,                )
                                )
        Defendants              )


KEVIN C. YOUNG,                 )
                                )
        Plaintiff               )
                                )      No. 2:12-0106
v.                              )      Judge Sharp/Brown
                                )      **Jury Demand**
DEKALB TELEPHONE COOPERATIVE,   )
INC. d/b/a DTC COMMUNICATIONS,  )
and CRAIG GATES,                )
                                )
        Defendants              )

## O R D E R

A lengthy case management conference was held in this matter on October 3, 2013. Presently pending are two motions in each case. Since they are essentially identical the Magistrate Judge will simply use the docket numbers in the *Vaden* case and the same ruling will apply to the corresponding motions in the *Young* case.

The motion to quash or for a protective order of the subpoenas directed to various banking institutions (Docket Entry 23) is **DENIED**. The Magistrate Judge considered the Tennessee

statute in this matter, but believes that this is a case involving federal questions of law rather than a diversity case and as such there is no particular privilege concerning bank records. Accordingly, any bank served with a subpoena in this matter will comply with such subpoena to the extent there are objections that the subpoena was not served on the spouse or other relatives of the Plaintiff. Any records produced by the bank will be subject to the protective order the parties have previously entered into (Docket Entry 18).

The motion to compel the Defendants' discovery requests (Docket Entry 24) is **GRANTED** in part and **DENIED** in part. The Defendants are directed to produce any materials, such as statements or notes, in their investigative file obtained during their investigation of the copper wire investigation, whether or not taken at direction of counsel. Any such materials turned over will be subject to the protective order previously mentioned and will not constitute a general waiver of any attorney/client or work product privilege on other matters.

The Plaintiffs are directed to furnish their 2007 through 2012 tax returns. Such returns will be subject to the protective order.

The Defendants have requested the medical records of the Plaintiffs for the previous 10 years. The Plaintiffs did seek damages for mental anguish as well as general compensatory damages.

Counsel for the Plaintiffs advised that they would not be seeking damages for mental anguish, but only general compensatory damages not based on any claims involving medical or mental issues. In view of this concession the Magistrate Judge believes that their medical records are not relevant in this case. The Plaintiffs are bound by this concession and they may not at trial make any claim for damages, either compensatory or punitive, that rely on any medical or mental claim or evidence.

The Defendants in this matter made an oral motion during the hearing to be allowed to subpoena Plaintiffs' counsel, Mr. McKinney. They wish to question Mr. McKinney about his representations to the District Attorney as set forth in a letter by him to the District Attorney General dated December 8, 2012 (Docket Entry 29-2).

The Magistrate Judge is of the opinion that Mr. McKinney made a serious error in attempting to pursue criminal issues against an individual who he has named as a defendant in a civil lawsuit. The Magistrate Judge considers this a serious and unnecessary complication in this matter. Notwithstanding this concern, the Magistrate Judge does not believe that the attorney has expressed sufficient personal knowledge that a deposition should be authorized. From the Magistrate Judge's review of the letter and statement of counsel, Mr. McKinney was for the most part simply repeating allegations made in the Plaintiffs' complaints and

did not indicate sufficient personal knowledge to justify taking his deposition. He, for the most part, just repeats allegation that are contained in the complaint.  He does come very close to becoming a witness which could result in a disqualification as counsel in this matter.

The Plaintiffs in this matter will be deposed by the parties by agreement following this hearing. Counsel for the Defendants is certainly entitled to ask Mr. Vaden questions about the meeting with the District Attorney General that is the subject of the December 8th letter.

The Defendants will provide the Plaintiffs the name and contact information of any directors from 2005 to date who are not listed on the current web site of the Defendant corporations.

The current deadline for dispositive motions in this matter is November 1, 2013. After discussion with counsel the deadline for dispositive motions is extended to **November 22, 2013**. Responses will be filed **21 days** after service. Briefs shall not exceed **25 pages** without leave of Court.  Optional replies, limited to **five pages**, shall be filed within 7 **days** after service of the response.  If dispositive motions are filed early, the response and reply dates are moved up accordingly.

Counsel for the Defendants advised that he might well be filing an early Rule 12(b)(6) motion on certain issues, as well as a later motion for summary judgment on other issues.

The Magistrate Judge advised the parties that he stood ready to assist with alternative dispute resolution at their request at any point. At the present time it appears that the parties will need rulings on certain issues before they believe alternative dispute resolution would have any chance of success.

It is so **ORDERED**.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge